AFFIDAVIT IN SUPPORT OF A CRIMINAL COMPLAINT

I, Matthew B. Ehrhart, being duly sworn, hereby depose and state as follows:

INTRODUCTION AND AGENT BACKGROUND

1. I am a Special Agent with the United States Army Criminal Investigation Division (Army CID) and have been so since 2022. As such, I am an officer of the United States who is empowered by law to conduct investigations of and to make arrests for offenses enumerated in Title 18 of the United States Code. During my employment as an Army CID Agent, I have been assigned to investigate violations of federal law including violations against or involving the property, persons, and interests of the United States Army, and have also assisted in the investigation of various other violations of federal crimes. I have received training and I have gained experience in interviewing and interrogation techniques, arrest procedures, search warrant applications, the execution of searches and seizures, and various other criminal laws and procedures. Prior to my employment as an Army CID agent, I was employed as an Okaloosa County Deputy Sheriff, Officer with Indian Shores Police Department, a State Trooper with the Florida Highway Patrol, and a Department of Defense Police Officer for approximately 10 years collectively. I am currently assigned to the Fort Eisenhower Army CID Resident Agency, Southeastern Field Office.

2. This affidavit is submitted in support of a criminal complaint alleging that April Evalyn Short ("SHORT") committed violations of 18 U.S.C. § 1111(a) (Murder) in

connection with her actions while inside a residence located on Fort Eisenhower Army Installation on November 15, 2023.

3. This affidavit is based on my personal knowledge, as well as information provided to me by other law enforcement agents and officers, law enforcement records, and on my training and experience.

4. Because this affidavit is being submitted for the limited purpose of establishing probable cause in support of a criminal complaint, I have not included each and every fact known to me concerning this investigation. I have set forth only the facts that I believe are necessary to establish probable cause that SHORT violated 18 U.S.C. § 1111(a).

## PROBABLE CAUSE

5. 803A Apple Court, Fort Eisenhower, GA 30905("RESIDENCE"), is a residence located within the boundaries of Fort Eisenhower Army Installation, a place within the special maritime and territorial jurisdiction of the United States.

6. Fort Eisenhower Army Installation, Georgia ("FEGA") is a federally owned United States Army Installation controlled by permanent security. Only people with appropriate identification are allowed access to the installation.

7. FEGA is protected by Military Police ("MP") and Department of the Army Civilian Police ("DACP") sworn to enforce the laws under the United States Code of Military Justice, Local and State Laws, and appropriate laws under United States Code.

8. FEGA Army CID Special Agents are Federal Agents authorized to investigate violations of the laws of the United States where there is an Army interest. FEGA Army CID Special Agents are empowered to conduct apprehensions/arrests related to the investigation and prevention of crimes on the installation.

9. SHORT is the military dependent spouse of James Short ("JSHORT") and a resident of Fort Eisenhower Army Installation.

10. JSHORT is a Staff Sergeant in the United States Army and is stationed at FEGA.

11. ▇▇▇▇▇ (age 11, "MINOR 1"), ▇▇▇▇▇ (age 6, "MINOR 2"), and ▇▇▇▇▇ (age 11 months, "MINOR 3") ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇.

12. On November 15, 2023, at approximately 8:01a.m., JSHORT was at his place of duty outside the RESIDENCE and received a text message from SHORT that caused him concern for the well-being of ▇▇▇▇▇. The text message, among other things, made references "God," said that "the days of darkness are upon us," and "We [JSHORT and SHORT] w[ould] be together again."

13. After JSHORT received this text, he attempted to contact SHORT by texting and calling but was unsuccessful.

14. At approximately 8:15a.m, JSHORT departed his place of duty, arrived at the RESIDENCE and discovered SHORT barricaded in the master bedroom with all three minor children. JSHORT attempted to enter the master bedroom unsuccessfully.

15. At approximately 9:00a.m., JSHORT called 911 and requested police assistance at the RESIDENCE.

16. At approximately 9:05a.m., DACP Officers Q.Stacy and T.Ritchie, and MP Officer N.Dawson arrived at the RESIDENCE. DACP Officer Q.Stacy and MP Officer N.Dawson entered the RESIDENCE and requested that SHORT exit the barricaded bedroom. T. Ritchie maintained security at the front door.

17. SHORT exited the master bedroom and RESIDENCE with MINOR 1 and MINOR 2. An officer tried to detain SHORT, but she pulled away and left the RESIDENCE. She entered her vehicle and attempted to leave the scene. DACP Officer Q.Stacy followed SHORT from the RESIDENCE. SHORT got into passenger side and Q.Stacy tried to stop SHORT but was unsuccessful. SHORT then moved to the driver's seat and tried to leave, with MINOR 1 and MINOR 2 in the backseat. SHORT started the vehicle and began to back out of the driveway, with Q.Stacy partially in the car. Q. Stacy was forced to draw his weapon to get SHORT in compliance with his commands. A this point SHORT stopped the vehicle in the street and complied with Q. Stacy's commands. SHORT was detained for further investigation.

18. Other officers on the scene had also come outside during this encounter. JSHORT realized that MINOR 3 was not with SHORT. At approximately 9:11a.m., JSHORT went back to the Master Bedroom to look for MINOR 3. After which, JSHORT screamed and MP Officer N.Dawson DACP Officer T.Ritchie go to JSHORT in the hallway next to the master bedroom door. MP

Officer N.Dawson and DACP Officer T.Ritchie enter the bathroom connected to the master bedroom and discover MINOR 3 wrapped in plastic with apparent wounds and bleeding from the neck.

19. At approximately 9:15a.m., MINOR 3 was transported by ambulance to Dwight D. Eisenhower Army Medical Center.

20. At approximately 9:34a.m., MINOR 3 was pronounced deceased by the attending physician.

21. At approximately 5:40p.m, MINOR 1 and MINOR 2 were forensically interviewed by the Federal Bureau of Investigation ("FBI") pertaining to the events at the RESIDENCE.

22. During the forensic interview of MINOR 2, MINOR 2 stated that ▓▓▓ got two knives" and "▓▓▓ was going to help get" MINOR 3 "to God and Jesus" and SHORT said "don't come into the bathroom because it might be really scary". MINOR 2 stated that SHORT had two knives and went into the bathroom. MINOR 2 then stated SHORT told MINOR 1 and MINOR 2 that she cut MINOR 3 so that he could "be with Jesus and God". MINOR 2 also stated that SHORT threatened to cut MINOR 2 if she didn't stop crying.

23. At approximately 5:08p.m., SHORT was interviewed by FEGA Army CID and FBI Special Agents. During the interview SHORT provided details admitting to barricading the door of the master bedroom in the RESIDENCE, wrapping MINOR 3 in a shower curtain in the bathtub in the bathroom connected to the master bedroom and attempted to use a knife to cut MINOR 3's neck. SHORT

stated the first knife did not work because it was dull, so SHORT used a second knife to cut MINOR 3's neck. SHORT admitted to knowing what she did and that it was "Wrong" and "Evil."

### Conclusion

24. For all of the reasons stated above, there is probable cause that SHORT violated at least 18 U.S.C. § 1111(a).

25. I declare under penalty of perjury that the information provided above in this affidavit is true and correct to the best of my knowledge.

Respectfully submitted,

*[signature]*

Matthew B. Ehrhart, Special Agent
U. S. Army Criminal Investigation Division

Subscribed and sworn to me on the 16th day of November 2023:

*[signature]*

HONORABLE BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA